UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————————

STANLEY WOLFSON,

                         Plaintiff,              14 Cv. 7367 (JGK)

          - against -                            OPINION AND ORDER

TODD A. ERNST and
ERNST ARCHITECT, PLLC,

                         Defendants.
——————————————————————————————

JOHN G. KOELTL, District Judge:

     The plaintiff Stanley Wolfson brought this action against

defendants Todd Ernst and Ernst Architect, PLLC in the New York

State Supreme Court, New York County.  Wolfson alleged that the

defendants aided and abetted a fraud on this Court in a case in

which Wolfson was the defendant.  See Sorenson v. Wolfson, No.

10cv4596, --- F. Supp. 3d ---, 2015 WL 1454498 (S.D.N.Y. Mar.

31, 2015).

     The defendants removed the case to this Court and then

filed a motion to dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  The Court then ordered

supplemental briefing on whether this Court has subject matter

jurisdiction over the case.  For the reasons explained below,

this case is remanded to the New York State Supreme Court, New

York County.

**I.**

Todd Ernst is an architect and principal of Ernst Architect PLLC.  Compl. ¶ 22.  Bridge Capital Corporation ("Bridge Capital"), of which Wolfson is the sole shareholder, hired Ernst to design architectural plans for condominium units in a building owned by Bridge Capital (the "Building").  Compl. ¶¶ 1, 22.  Sigurd Sorenson agreed to purchase three units in the Building from Bridge Capital.  In 2004, Sorenson also hired Ernst to create plans for the units that he wished to purchase. Compl. ¶¶ 34, 39

The deal between Sorenson and Bridge Capital fell through, igniting a wave of litigation among Sorenson, Wolfson, Bridge Capital, and others.  This Court heard one of those cases.  In that action, Sorenson alleged, in part, that Wolfson infringed Sorenson's copyright in the architectural plans for Unit 7A of the Building—one of the units that Sorenson had intended to purchase.  After a bench trial, this Court dismissed the copyright claim with prejudice.  Sorenson, 2015 WL 1454498, at *11–18.  The Court concluded that Ernst, not Sorenson, was the author of the Unit 7A plans.  Id. at *11–13.

Wolfson asserts two claims here, both of which turn on affidavits signed by Ernst.  In those affidavits, Ernst swore that neither he nor any of his employees had an ownership

2

interest in the Unit 7A plans in which Sorenson claimed a copyright.  He also claimed to be a mere scrivener for Sorenson.  Compl. ¶¶ 2, 9-10.  The first cause of action alleges that Ernst aided and abetted Sorenson's filing of a fraudulent copyright action against Wolfson and other defendants.  Compl. ¶¶ 123-24, 128.  The second cause of action again alleges that Ernst aided and abetted Sorenson's "fraud on the court" by submitting the false affidavits.  Compl. ¶¶ 136, 145, 148.  At bottom, the plaintiff contends that the Court would have dismissed Sorenson's copyright claim at the summary judgement stage, but for Ernst's affidavits.  Compl. ¶¶ 142-43.  For both claims, Wolfson seeks only money damages.  Compl. ¶¶ 134, 149.

Neither cause of action alleges that Ernst violated any federal law.

## II.

The Court has an independent obligation to determine if it has subject matter jurisdiction.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).  The general removal statute, 28 U.S.C. § 1441(a), grants district courts jurisdiction over state court actions that originally could have been brought in federal court.  The Court must construe § 1441(a) narrowly, resolving any doubts against removability.  Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994).

The parties agree that the Court does not have diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of New York.  Compl. ¶¶ 21-22.

Both parties, however, assert that this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  Section 1331 provides federal district courts with jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  And § 1338(a) provides federal courts with exclusive jurisdiction over "any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."

**A.**

Under the canonical well-pleaded complaint rule, "a suit 'arises under' federal law for 28 U.S.C. § 1331 purposes 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'"  Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (alteration omitted) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  The same is true for § 1338(a): jurisdiction extends to cases in which the complaint alleges a cause of action created by an "Act of Congress relating to patents, plant variety protection, copyrights and trademarks," § 1338, or in which the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law in that federal law is a

4

necessary element of one of the well-pleaded claims."

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 807–

09 (1988) (internal citation and ellipses omitted); Briarpatch

Ltd. v. Phx. Pictures, Inc., 373 F.3d 296, 303–04 (2d Cir.

2004).

There is no federal law that created either cause of action

asserted by the plaintiff, and the parties have not identified

any such law.  But that does not end the matter.

**B.**

Notwithstanding the well-pleaded complaint rule, in "a

special and small category of cases," Empire Healthchoice

Assurances, Inc. v. McVeigh, 547 U.S. 677, 699 (2006), a claim

arises under federal law if it "necessarily raise[s] a stated

federal issue, actually disputed and substantial, which a

federal forum may entertain without disturbing any

congressionally approved balance of federal and state judicial

responsibilities."  Grable & Sons Metal Prods., Inc. v. Darue

Eng'g & Mfg., 545 U.S. 308, 314 (2005).  "That is, federal

jurisdiction over a state law claim will lie if a federal issue

is: (1) necessarily raised, (2) actually disputed, (3)

substantial, and (4) capable of resolution in federal court

without disrupting the federal-state balance approved by

Congress."  Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013).  The

Grable test also determines whether the Court has jurisdiction

under § 1338(a).  Id. at 1064.

There is no disagreement that the plaintiff's claims

involve a federal issue that is actually disputed.  The

plaintiff alleges that Ernst lied when he swore that he was not

the owner of any copyright in the Unit 7A plans.  The fraud

claims thus turn on whether Ernst authored the Unit 7A plans;

that issue requires an interpretation of the Copyright Act.  See

17 U.S.C. § 201(a).

But the plaintiff's claims do not involve any "substantial"

federal question.  The Supreme Court's recent decision in Gunn

is instructive on this point.  There, a plaintiff brought a

malpractice claim against his former attorneys because they had

failed to raise an experimental-use argument in a patent case.

As a result, the plaintiff claimed that his patent was declared

invalid.  133 S. Ct. at 1063.  The question presented was

whether § 1338(a) provided federal courts with exclusive

jurisdiction over the malpractice claim.

The Supreme Court recognized "that resolution of a federal

patent question" was disputed and necessary to resolve the

malpractice claim.  Id. at 1065–66.  But the Court held that the

patent issue was not "substantial" because it was not important

"to the federal system as a whole."  Id. at 1068.  Because "of

the backward-looking nature of a legal malpractice claim, the

question is posed in a merely hypothetical sense: If [the

plaintiff's] lawyers had raised a timely experimental-use

argument, would the result in the patent infringement proceeding

have been different?  No matter how the state courts resolve

that hypothetical 'case within a case,' it will not change the

real-world result of the prior federal patent litigation.  [The]

patent will remain invalid."  Id. at 1066–67.  And a state court

resolution of the patent issue would not be controlling in other

cases.  Id. at 1067.

So too here.  Section 1338(a) provides federal courts with

exclusive jurisdiction over claims arising under the copyright

laws.  In the case that underlies this dispute, the Court

determined (a) that because Sorenson had committed fraud on the

Copyright Office, he did not have a valid copyright in the Unit

7A plans capable of enforcement and (b) that Sorenson was not

the author of the Unit 7A plans.  Sorenson, 2015 WL 1454498, at

*11–14.  The answer to the hypothetical copyright question

raised in the Complaint here—had Ernst not submitted his

allegedly "fraudulent" affidavits, would the Court have granted

Wolfson's motion for summary judgment—will have no bearing on

this Court's ultimate conclusion in the original action:

Sorenson was not entitled to a copyright in the plans he submitted to the Copyright Office.[1]

Indeed, this is an even clearer case than Gunn.  The plaintiff in Gunn argued that his patent would have remained valid were it not for his attorneys' malpractice.  In this case, Wolfson agrees with this Court's conclusion that Sorenson did not have a valid copyright.  His argument is that this Court would have reached that decision earlier on a motion for summary judgment, or that Sorenson would not have brought the prior lawsuit, had it not been for Ernst's allegedly fraudulent affidavits.  That is not a substantial copyright question because it will not change the result of the prior litigation with respect to the invalidity of Sorenson's copyright, and indeed Wolfson does not argue that it should change the result.

Jasper v. Bovina Music, Inc., 314 F.3d 42 (2d Cir. 2002), a pre-Gunn opinion upon which both parties rely, is not to the contrary.  In Jasper, the Second Circuit Court of Appeals was

---

[1]    To the extent that the defendant contends that the complaint arises under federal law because it alleges fraud on a federal court, the argument is unpersuasive.  Whether the defendant lied to a federal court is not a significant question of federal law.  And a state court resolution of the issue would not disrupt a uniform body of federal law.  See, e.g., Young-Smith v. Holt, 575 F. App'x 680, 681–83 (7th Cir. 2014); Reiffin v. Hoey, No. C11-04625, 2012 WL 10549, at *1-3 (N.D. Cal. Jan. 3, 2012); Andersen v. Roszkowski, 681 F. Supp. 1284, 1291–92 (N.D. Ill. 1988), aff'd, 894 F.2d 1338 (7th Cir. 1990) (summary disposition).

careful to explain that "the fact that a case concerns a
copyright does not necessarily mean that it is within the
jurisdiction of a federal district court."  Id. at 46.  The
Court of Appeals found jurisdiction proper in that case because
the dispute was "the rare contract interpretation case that does
present a substantial issue as to whether the contract qualifies
as a section 204(a) writing."  Id. at 47.  This case is not a
"rare" case that turns on a disputed § 204(a) writing.

Indeed, Jasper relied on T. B. Harms Co. v. Eliscu, 339
F.2d 823 (2d Cir. 1964).  In T. B. Harms, Judge Friendly, citing
Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921),
held that district courts may have jurisdiction over state law
claims that include "major questions of construction of the
Copyright Act."  T. B. Harms, 339 F.2d at 827.  And Gunn
clarified that claims involving "backward-looking"
interpretations of the patent laws do not raise major questions
of federal law.  133 S. Ct. at 1066–68.  The plaintiff's claims
only require an interpretation of copyright law in hindsight,
and the Gunn principle applies equally to claims involving the
Copyright Act.  See, e.g., Bear Creek Prods., Inc. v. Saleh, 643
F. Supp. 489, 492 (S.D.N.Y. 1986) (Weinfeld, J.) ("Where the

focus of the complaint is on state law principles of breach of

contract and fraud, there is no jurisdiction under § 1338.").[2]

All four of the Grable requirements must be met for

jurisdiction to be proper under § 1331 or § 1338(a).  Gunn, 133

S. Ct. at 1065.  The third requirement is not met here.

Accordingly, the complaint does not raise a substantial issue of

federal law.

### III.

Finally, the plaintiff contends that the Court has

ancillary equitable jurisdiction because the Complaint alleges

that Ernst defrauded this Court.  This argument is curious

coming from the plaintiff; he filed the complaint in state

court.  But, in any event, the argument lacks merit: the

plaintiff did not bring a Federal Rule of Civil Procedure 60(b)

motion or an independent action for relief from a final

judgment.

There is no doubt that the Court would have jurisdiction

over a Rule 60(b) motion brought by a party in Sorenson v.

---

[2]     DeCarlo v. Archie Comic Publications, Inc., 127 F. Supp. 2d
497, 505 (S.D.N.Y. 2001), and Barnhart v. Federated Department
Stores, Inc., No. 04cv3668, 2005 WL 549712, at *3-4 (S.D.N.Y.
Mar. 8, 2005), are not apposite.  In those cases, the plaintiffs
claimed to be the owners of works and requested equitable or
monetary relief.  However artfully pleaded, those claims
necessarily arose under the Copyright Act.  See Briarpatch, 373
F.3d at 305.  Wolfson does not claim to be the owner of any
work, nor is he vindicating any rights that are protected by
copyright law.

Wolfson.  The Court also would have ancillary jurisdiction over

an independent equitable action that sought relief from a final

judgment in Sorenson v. Wolfson.  See Martina Theatre Corp. v.

Schine Chain Theatres, Inc., 278 F.2d 798, 800 n.1 (2d Cir.

1960).

But the plaintiff requests no such relief.  The Complaint

plainly is not a Rule 60(b) motion in disguise—the final

judgment in Sorenson v. Wolfson dismissed the claims against

Wolfson (the plaintiff here).  Nor is the complaint an

"independent equitable action."  Such actions are brought "to

obtain relief from a judgment," 11 Charles Alan Wright, Arthur

R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2868

(3d ed. 2012), and are equitable in nature.  Campaniello

Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d

Cir. 1997).  The plaintiff is not requesting such relief.  He is

quite pleased that the Court dismissed Sorenson's action against

him, and the Complaint seeks only damages for having had to

litigate the previous action.[3]

The Complaint appears to allege common law fraud claims

against the defendants.  As the master of his complaint, the

plaintiff was "free to avoid federal jurisdiction by pleading

---

[3]    For this reason, Cresswell v. Sullivan & Cromwell, 922 F.2d
60 (2d Cir. 1990), is not relevant.  The plaintiffs there
requested relief from a final judgment.  Id. 70.

only state claims even where a federal claim is also available."
Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998).  He did
precisely that, and the Court cannot now transform this suit
into a Rule 60(b) motion or an independent equitable action and
assert jurisdiction.  Indeed, that is not the relief the
plaintiff requests.  He seeks damages for the state law claim of
fraud.

Accordingly, the Court lacks subject matter jurisdiction
over this action.

### CONCLUSION

The Court has considered all of the remaining arguments of
the parties.  To the extent not specifically addressed above,
they are either moot or without merit.  For the foregoing
reasons, this action is remanded to the New York State Supreme
Court, New York County.  The Clerk is directed to **remand the
case and to close the case on the docket of this Court**.

**SO ORDERED.**

**Dated:    New York, New York
           July 7, 2015**              _____/s/_____
                                        **John G. Koeltl
                                  United States District Judge**

12